UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| ADVANCED WORKZONE SERVICES, LLC, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) No. 3:23-cv-00947 ) |
| RAILROAD CONSULTANTS, PLLC, | ) ) ) |
| Defendant. | ) |

## MEMORANDUM OPINION AND ORDER

Before the Court in this breach of contract action is Advanced Workzone Services, LLC's Amended Motion for Default Judgment against Railroad Consultants, PLLC (Doc. No. 18), and Motion to Amend Exhibits to Alma Pickle's Amended Declaration (Doc. No. 20). The Court previously denied Plaintiff's initial motion for default judgment without prejudice to "Plaintiff's ability to refile the motion with the relevant agreements attached and an explanation about which state's laws apply to the breach of contract claim." (Doc. No. 17 at 3–4). Plaintiff's amended motion now explains that "Tennessee law likely applies" to the parties' agreement here because the email signature block for Clayton Gant (Defendant's signatory) suggests he executed the contract in Tennessee. (Doc. No. 19 at 4–5). Given this explanation, the Court is satisfied that Tennessee law governs the breach of contract claim in this case.

**Liability**. The Clerk entered default against Defendant under Federal Rule of Civil Procedure 55(a) (see Doc. No. 12), and Plaintiff now seeks a default judgment against Defendant pursuant to Rule 55(b)(2). Once the Clerk enters default, the "well-pleaded allegations relating to liability are taken as true." See In re Family Resorts of America, Inc., No. 9104127, 1992 WL 174539, at *4 (6th Cir. July 24, 1992). Here, the Complaint plausibly alleges each essential

element of a breach of contract claim under Tennessee law. See Fed. Ins. Co. v. Winters, 354 S.W.3d 287, 291 (Tenn. 2011) (enforceable contract, breach, and damages). Specifically, the Complaint alleges that in January 2021, Plaintiff contracted with Defendant to provide traffic control services at several different railroad crossings Defendant was repairing. (Doc. No. 1 at Introduction). Defendant breached the contract by not paying for Plaintiff's services, and Plaintiff suffered damages because it rendered services to Defendant without receiving compensation. (Id. ¶¶ 14, 17–19. Plaintiff is entitled to default judgment against Defendant under Rule 55(b)(2) with respect to the breach of contract claim.[1]

**Damages**. Plaintiff seeks $378,215.08 arising from invoices that remain "overdue, unpaid, and owing," plus prejudgment interest on that amount from January 31, 2024. (Doc. No. 18 at 1). Plaintiff offered the declaration of President, Alma Pickle, explaining that Defendant owed Plaintiff $719,761.08. (See Doc. No. 18-2 at 1–2). Defendant "paid a total of $341,546.00" and "$378,215.08 is outstanding" under the contract. (Id. at 1–2). Plaintiff has filed 96 invoices and three summary spreadsheets showing the "total amount billed, amount paid, adjustments given, and amount due." (Id. at 1–2, 7–100; Doc. Nos. 18-3; 18-4; 18-5; 18-6; 18-7; 18-8). The Court has reviewed these documents and finds that Pickle's declaration, the attached invoices, and spreadsheets provide sufficient evidence to show the amount and extent of Plaintiff's work. Accordingly, the Court concludes Plaintiff's unpaid invoices is $378,215.08.

---

[1] Plaintiff also brought claims of unjust enrichment and promissory estoppel. The existence of a contract, however, precludes those claims. See Whitehaven Cmty. Baptist Church v. Holloway, 973 S.W.2d 592, 596 (Tenn. 1998) (unjust enrichment requires that there is no contract between the parties or a contract has become unenforceable or invalid); Dillard Const. Inc. v. Havron Contracting Corp., No. E2010-00170-COA-R3-CV, 2010 WL 4746244, at *3 (Tenn. Ct. App. Nov. 23, 2010) (quantum meruit is "an equitable substitution for a contract claim").

Additionally, Plaintiff seeks prejudgment interest "for the value of the money on the amount owed from the date [Defendant] should have paid the invoice[s] to the date the Court enters judgment." (See Doc. No. 19 at 5). Plaintiff asks the Court to calculate prejudgment interest from January 31, 2023 ("the date its last invoice was due"), rather than calculate different rates for each individual invoice. (Id. at 6 n.2). "In diversity cases," like here, "an award of pre-judgment interest is governed by state law and an award of post-judgment interest is governed by federal law." Kova Bristol Tenn 1894, LLC v. Bristol Preservation, LLC, 2020 WL 13443413, at *2 (E.D. Tenn. Oct. 5, 2020) (citing Estate of Riddle ex rel. Riddle v. S. Farm Bureau Life Ins. Co., 421 F.3d 400, 409 (6th Cir. 2005). Because the Court has determined that Tennessee law applied to the parties' agreement, the Court will also apply Tennessee law to determine whether an award of pre-judgment interest is appropriate.

"Under Tennessee law, pre-judgment interest 'may be awarded . . . in accordance with the principles of equity at any rate not in excess of a maximum effective rate of ten percent (10%) per annum." Id. (quoting Tenn. Code Ann. § 47-14-123). "An award of prejudgment interest is within the sound discretion of the trial court," but "a court must keep in mind that the purpose of awarding the interest is to fully compensate a plaintiff for the loss of the use of funds to which he or she was legally entitled, not to penalize a defendant for wrongdoing." Myint v. Allstate Ins. Co., 970 S.W.2d 920, 927 (Tenn. 1998) (citations omitted); see also Am.'s Collectibles Network, Inc. v. Sterling Commerce (Am.), Inc., 819 F. App'x 397, 400 (6th Cir. 2020). "Tennessee courts have established the following guiding principles to assist courts in the decision of whether to award pre-judgment interest: (1) whether such an award is fair; (2) whether the 'amount of the obligation is certain, or can be ascertained by a proper accounting'; and (3) whether the amount is 'disputed

on reasonable grounds.'" Bristol Preservation, 2020 WL 13443413, at *2 (quoting Myint, 970 S.W.2d at 927).

Here, each of these three factors weighs in favor of an award of prejudgment interest. The amount of the unpaid invoices is certain, as is Defendant's obligation to pay them, based on the facts alleged in the Complaint and Pickle's declaration. There is no indication that Plaintiff delayed filing this case, engaged in abusive litigation practices, or has already been compensated for the lost time value of the money it is owed. See Sunbelt Rentals, Inc. v. S.C.G., LLC, 2021 WL 6427959, at *4 (E.D. Tenn. Aug. 6, 2021). Although "Plaintiff does not explain why the maximum rate [of 10%] should apply, . . . Plaintiff has waived any right to interest accruing prior to the date of the most recent invoice, thereby somewhat reducing the overall amount of interest." See id. Based on the totality of the circumstances, including that Defendant did not even attempt to assert a defense, the Court finds that Plaintiff should be awarded its requested rate of pre-judgment interest of 10%. The Court will only calculate prejudgment interest from January 31, 2023 (the date of the last due invoice) to April 1, 2024 (the date of the Court's initial order regarding default judgment). The Court calculates this amount as $44,142.36. To come up with this amount, the Court took 10% of $378,215.08, divided it by 365 days, which is $103.62, and multiplied that number by 426 (the number of days between January 31, 2023, and April 1, 2024).

For the foregoing reasons, Plaintiff's Amended Motion for Default Judgment (Doc. No. 18) and Motion to Amend Exhibits to Alma Pickle's Amended Declaration (Doc. No. 20) are **GRANTED**. Plaintiff is awarded $378,215.08 and $44,142.36 in pre-judgment interest, for a total amount of $422,357.44.

This is a final order. The Clerk is directed to enter judgment under Federal Rule of Civil Procedure 58 and close the file.

IT IS SO ORDERED.

_____
WAVERLY D. CRENSHAW, JR.
UNITED STATES DISTRICT JUDGE